# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00401-CR
10-24-00402-CR

---

Carl Randall Roppolo,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
82nd District Court of Falls County, Texas
Judge Bryan F. Russ, Jr., presiding
Trial Court Cause Nos. 11330 & 11331

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Carl Randall Roppolo brings this appeal in which he contends there was insufficient evidence to support the trial court's findings of true to the State's allegations that Roppolo had violated the terms and conditions of his community supervision. We affirm.

## A. Background

In May 2023, Carl Randall Roppolo pleaded guilty to the felony offenses of violation of a court order (11330) and assault family violence with a previous conviction for assault family violence (11331). *See* TEX. PEN. CODE ANN. §§25.07, 22.01. The trial court found sufficient evidence to substantiate Roppolo's guilt, deferred adjudication of guilt, and placed Roppolo on community supervision for a term of ten years in each cause.

On October 25, 2023, the State filed motions to adjudicate alleging Roppolo had violated the terms and conditions of his probation. Roppolo pled not true to the allegations in the State's motions to adjudicate, and, after a hearing on March 14, 2024, the trial court found that Roppolo had violated the terms and conditions of his probation, found him guilty of both offenses, assessed his punishment at five years in the penitentiary, and sentenced Roppolo accordingly.

## B. Authority

A trial court's decision to adjudicate guilt is reviewed under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a proceeding to adjudicate guilt following deferred adjudication community supervision, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision. *Id.*

A preponderance of the evidence exists when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). Proof of a single violation of community supervision is sufficient to support an order adjudicating guilt. *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978).

## C. Discussion

Roppolo argues that the evidence is insufficient to support the trial court's finding that Roppolo had violated the terms and conditions of his probation by (1) failing to report during the months of June, July, August, and September of 2023; (2) failing to report his change of address; (3) failing to complete community service; and (4) failing to complete an anger management class. Specifically, as to the finding that he failed to report during June, July, August, and September, Roppolo claims that he was sentenced to 160 days of incarceration during the four months of non-reporting violations.

Roppolo's probation officer, Rebecca Rogers, testified that her last contact with Roppolo had been at his community supervision intake meeting on May 30, 2023. She testified that Roppolo failed to report for June, July, August, and September 2023, and had not reported at all since May 30, 2023, up to and including the hearing date.

On cross-examination, Roppolo questioned Rogers generally about investigating criminal histories and arrests while a defendant is on community supervision. Rogers stated that she checks a defendant's criminal history when they are placed on community supervision and that she will receive a "flash notice" if a defendant is arrested while on probation. She stated that she did not receive any flash notice or any other notice about Roppolo being incarcerated during the four months of non-reporting. Roppolo asked questions about potential periods of confinement in various counties, including a 60-day sentence beginning on July 26, 2023, and a 100-day sentence beginning on September 1, 2023. After some back and forth, Rogers stated that she knew Roppolo was not incarcerated in June or most of July.

On redirect, Rogers clarified that she did not receive any flash notices of Roppolo being arrested at any point while on probation. She also stated that when Roppolo came in for intake on May 30, 2023, she "scheduled his next appointment for June 7, 2023, and he never showed up for it." Rogers also reiterated that she knew Roppolo was not in jail for most of July 2023. Rogers acknowledged that she did not know where he was in August and admitted that it was possible that he was incarcerated in Bell County on other charges. She also stated that if Roppolo had pled to a charge in September, she did not know whether it was "for credit for time served or…to sit out additional time."

On recross, Roppolo asked Rogers if, hypothetically, the 60-day sentence from July 26, 2023 was "time served," would that mean he was in jail in June and July. Rogers agreed that was a possibility. On a final redirect, the State asked whether "time served" necessarily meant Roppolo had been in jail for the two months prior to the July 26, 2023 plea. Rogers responded that "time served" just meant Roppolo had at least 60 days of credit, but did not tell her when exactly he may have been incarcerated prior to the plea.

In a probation revocation proceeding, the trial court is the sole trier of facts, credibility of witnesses and weight to be given to testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). Here, Rogers testified that Roppolo failed to report for June, July, August, and September. Roppolo attempted to provide reasons for not reporting through his cross-examination questions regarding possible periods of confinement. However, questions and statements made by trial counsel are not evidence. *See Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). While Rogers acknowledged it was possible Roppolo was in jail for some parts of the period of non-reporting, she maintained that she never received any notice of him being in jail during the non-reporting months, nor is there any evidence in the record that shows Roppolo was in jail during June, July, August, or September 2023. Ultimately,

it is the province of the trial court to weigh the credibility and weight of the evidence. *See Taylor*, 604 S.W.2d at 179.

Viewing all the evidence in the light most favorable to the trial court's conclusion, we find that the evidence was sufficient for the trial court to reasonably conclude, based on a preponderance of the evidence, that Roppolo violated a condition of his community supervision. Since the evidence is sufficient to support the finding that he violated at least one condition of community supervision, we need not address Roppolo's arguments as to the other violations. *See Jones*, 571 S.W.2d at 193.

Therefore, we overrule Roppolo's sole issue.

## D. Conclusion

Having overruled Roppolo's sole issue, we affirm the judgment of the trial court.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  July 9, 2026

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
Do not publish
CR25

